Gregory L. Spallas, Esq. (SBN 129306)
Adolpho O. Karajah, Esq. (SBN 310785)
**PHILLIPS, SPALLAS & ANGSTADT LLP**
560 Mission Street, Suite 1010
San Francisco, CA, 94105
Tel: (415) 278-9400
Fax: (415) 278-9411
gspallas@psalaw.net
akarajah@psalaw.net

Attorneys for Defendant
WALMART, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIMI VALDOVINOS,<br><br>   Plaintiff,<br><br>   vs.<br><br>WALMART, INC.; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Federal Case No: 2:20-cv-00222-KJM-DMC<br><br>**STIPULATION AND ORDER TO CONTINUE MEDIATION DEADLINE**<br><br>Removal Date:          January 29, 2020<br>Mediation Deadline: January 06, 2021<br>Mediation Date:       TBD<br>Trial Date:                TBD |

IT IS HEREBY AGREED AND STIPULATED, by and between all parties, through their undersigned counsel, as to the following:

1. On January 29, 2020, Defendant Walmart, Inc. ("Defendant" or "Walmart") filed its Notice to Court and Adverse Party of Removal to Federal Court.

2. On July 22, 2020, Walmart filed a Stipulation and Proposed Order for Elect Referral of Action to Voluntary Dispute Resolution Program pursuant to Local Rule 271.

3. On July 24, 2020, the Court ordered the action to be referred to the Voluntary Dispute Resolution Program with program administrator Sujean Park.

4. On September 09, 2020, after various meet and confer sessions, the parties agreed on Mr. Timothy Long to serve as mediator under the Voluntary Dispute Resolution Program and submitted her to the program administrator's assistant Jonathan Crouch.

5. After being notified by Mr. Long on September 16, 2020 that his law firm had a conflict of interest that may prevent him from serving as a mediator in the instant

action, the parties notified Mr. Crouch of the conflict and requested a new panel of mediators.

6. On September 18, 2020, Mr. Jonathan Crouch submitted a new panel of mediators to the parties to select from.

7. On October 01, 2020, after various meet and confer sessions, the parties agreed on Mr. Sanford Kingsley to serve as mediator under the Voluntary Dispute Resolution Program and submitted him to the program administrator's assistant Jonathan Crouch.

8. On October 07, 2020, Mr. Kingsley was appointed by the Court to serve as neutral for mediation under the Voluntary Dispute Resolution Program.

9. Pursuant to Local Rule 271(j)(1), the last day for the parties to complete the Voluntary Dispute Resolution Program mediation session is January 06, 2021, or 91 days from the date Mr. Kingsley was selected as mediator.

10. Pursuant to Local Rule 271(j)(1), on October 12, 2020, the parties and mediator Kingsley held a teleconference to select a date to conduct the Voluntary Dispute Resolution Program mediation session.

11. It has been determined due to scheduling and issues with discovery that the parties will not have enough time to take the depositions of both Plaintiff and the person designated as most knowledgeable pursuant to Federal Rule of Civil Procedure 30(b)(6).

12. The parties believe that these depositions will allow them to engage in a more meaningful mediation with the hopes of achieving a complete resolution of the lawsuit prior to the parties incurring any additional costs and expense of preparing for trial.

13. In order to allow the parties the opportunity to schedule and take these depositions prior to any scheduled mediation session, they therefore stipulate and request that the Court continue the current January 06, 2021 mediation deadline to <u>April 12, 2021</u>, or as soon thereafter as is convenient to the Court's calendar.

14. The parties agree and stipulate all joint scheduling deadlines including all discovery deadlines be continued to run concurrent with the newly assigned mediation deadline.

15. The parties agree that it is in the best interests of all concerned that the mediation deadline of this matter be continued.

16. Mr. Kingsley is aware of the consensus between the parties to continue the mediation deadline to a date when all parties have had sufficient time to prepare for a meaningful mediation session.

17. This is the first request for a continuance of the mediation deadline in this matter.

18. Good cause exists for granting this request based on the foregoing.

19. This stipulation may be executed in counterparts and by facsimile or PDF signature.

DATED: December 28, 2020             **PHILLIPS, SPALLAS & ANGSTADT LLP**

Gregory L. Spallas, Esq.
Adolpho O. Karajah, Esq.
Attorneys for Defendant
WALMART, INC.

DATED: December 28, 2020             **BOHM LAW GROUP, INC.**

*/s/Lawrance A. Bohm*
Lawrance A. Bohm
Daniel Newman, Esq.
Attorneys for Plaintiff
YIMI VALDOVINOS

**ORDER**

Pursuant to the *Parties' Stipulation to Continue Mediation Deadline,* and good cause having been shown, IT IS ORDERED the current January 06, 2021 mediation deadline is vacated and continued to April 30, 2021 and all joint scheduling deadlines including all discovery deadlines are vacated and are re-set to run concurrent with the newly assigned mediation deadline.

Dated:  December 30, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE